IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. MINFORD, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 14-mc-224 |
| | : | |
| v. | : | |
| | : | |
| BERKS COUNTY (INC.)/COUNTY OF BERKS (INC.), along with its OFFICES, Employees, agencies and instrumentalities; and VARIOUS UNKNOWN OR UN-NAMED AGENTS AND INSTRUMENTALITIES a/k/a JOHN/JANE DOE(S), | : | |
| | : | |
| Defendants. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                                                    September 29, 2014

This matter is before the court on a petition for declaratory judgment filed by the plaintiff *pro se*, Richard A. Minford. For the reasons set forth below, the court will issue an order upon the plaintiff to show cause why the court should not dismiss this case for lack of subject-matter jurisdiction.

### I.      THE PLAINTIFF'S ALLEGATIONS

The plaintiff filed the instant petition for declaratory relief against the defendants, Berks County (Inc.)/County of Berks (Inc.) along with its offices, employees, agencies, and instrumentalities, and "Various Unknown or Un-named Agents and Instrumentalities a/k/a John/Jane Doe{s) [sic]" on September 17, 2014. *See* Doc. No. 1. In the petition, the plaintiff asserts the following "facts":

1.      Richard Minford is a living flesh and blood "man";

>    2.      Richard Minford has a propriortary [sic] [r]ight to RICHARD A. MINFORD;
>
>    3.      Richard Minford is the only real party in interest acting as contributing beneficiary who has put any value into RICHARD A. MINFORD;
>
>    4.      Richard Minford is the only legitimant [sic] claimant to any equity held by RICHARD A. MINFORD; [and]
>
>    5.      Richard Minford is entitled to any interple[a]der funds of RICHARD A. MINFORD[.]

Pet. for Declaratory J. ("Pet.") at 7, Doc. No. 1.  Based on these allegations, the plaintiff seeks to have the court

> [d]eclare for the record that Richard Minford is the only party who has put any value into RICHARD A. MINFORD and [d]eclare for the record that Richard Minford is the only party entitled to any equity in RICHARD A. MINFORD and [d]eclare for the record that Richard Minford is the only party entitled to any interple[a]ded funds of RICHARD A. MINFORD and [d]eclare for the record that Respondant [sic] is barred from any collection of any alleged debt from RICHARD A. MINFORD related to RICHARD A. MINFORD as per the Respondant [sic] having no claim in fact.

*Id.* at 8.

Regarding subject-matter jurisdiction, the plaintiff has asserted numerous alleged bases for this court's jurisdiction over this matter.  *See id.* at 2-6.  More specifically, the plaintiff claims that this court has jurisdiction under (1) Article III of the United States Constitution, (2) the federal question statute, 28 U.S.C. § 1331, (3) certain sections of the Foreign Sovereign Immunities Act, including 28 U.S.C. §§ 1330, 1603, and 1605; (4) the Uniform Declaratory Judgment Act, (5) the Foreign Agents Registration Act of 1938, as amended, (6) the admiralty statute, 28 U.S.C. § 1333, (7) the commerce and antitrust regulation statute, 28 U.S.C. § 1337, and (8) the Public Vessels Act, 46 U.S.C. §§ 31101-31113.  *See id.*

## II.      DISCUSSION

While the court recognizes that the only document of record so far is the plaintiff's petition, the court is obliged to address issues of subject-matter jurisdiction *sua sponte*. *See Trent Realty Assocs. v. First Fed. Sav. & Loan Ass'n of Philadelphia*, 657 F.2d 29, 36 (3d Cir. 1981) ("A federal court is bound to consider its own jurisdiction preliminary to consideration of the merits."). If the court lacks subject-matter jurisdiction, the court <u>must</u> dismiss the action. *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As indicated above, the plaintiff sets forth numerous bases in support of his contention that the court has subject-matter jurisdiction in this case. Unfortunately for the plaintiff, none of those asserted bases are supported by the allegations in the petition and, thus, it appears that the court lacks subject-matter jurisdiction over this purported action for declaratory relief. The court addresses each of the purported bases for subject-matter jurisdiction in turn.

### A.      Article III of the United States Constitution

The plaintiff includes a general assertion (with no discussion) that Article III of the United States Constitution provides the court with subject-matter jurisdiction over this action. Article III, Section 2, Clause 1 of the Constitution relates to jurisdiction and provides as follows:

> The judicial Power shall extend to all Cases, in Law and Equity, arising under this Constitution, the Laws of the United States, and Treaties made, or which shall be made, under their Authority;--to all Cases affecting Ambassadors, other public Ministers and Consuls;--to all Cases of admiralty and maritime Jurisdiction;--to Controversies to which the United States shall be a Party;--to Controversies between two or more States;--between a State and Citizens of another State;--between Citizens of different States;--between Citizens of the same State claiming Lands under Grants of different States, and between a State, or the Citizens thereof, and foreign States, Citizens or Subjects.

U.S. Const. art. III, § 2, cl. 1.

With regard to federal district courts, Article III, Section 1, clause 1 provides that Congress has the power to "ordain and establish" "inferior [c]ourts." U.S. Const. art III, § 1, cl. 1. Thus, federal district courts are "'courts of limited jurisdiction. They possess only that power authorized by Constitution and statute.'" *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Harlan v. Pennsylvania R.R. Co.*, 180 F. Supp. 725, 726 (W.D. Pa. 1960) ("The conclusion must inevitably follow that since Congress can eliminate the United States District Courts, it can limit and define their jurisdiction.").

Since Congress defines the jurisdiction of the district courts, the plaintiff cannot exclusively rely on Article III to support his claim that this court has subject-matter jurisdiction over this action. Instead, the plaintiff must also rely on the statutes passed by Congress conferring jurisdiction on federal district courts in a manner consistent with Article III, Section 2, Clause 1. Therefore, the plaintiff's reliance on Article III, in itself, does not support his claim that this court has jurisdiction over this case.

### B. Federal Question

The second asserted ground for jurisdiction is federal question jurisdiction under 28 U.S.C. § 1331. Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. 1331. "For a claim to arise under the Constitution, laws or treaties of the United States, a right or immunity created by the Constitution or laws of the United States must be an essential element of the plaintiff's claim." *In re Orthopedic Bone Screw Prods. Liab. Litig.*, 939 F. Supp. 398, 399 (E.D. Pa. 1996) (citation omitted). "Furthermore, the cause of action must be created by the

federal law or the vindication of a right under state law must turn upon the construction of that federal law." *Id.* (citation omitted).

Here, the plaintiff's claims, while admittedly ambiguous in nature, do not appear to implicate any rights or immunities created by the Constitution and the laws of the United States do not form an essential element of his claims. In addition, the plaintiff does not reference any particular federal law – outside of the numerous alleged bases to support subject-matter jurisdiction – that create his claims and there is no indication that a construction of federal law is necessary to vindicate his claims. Thus, the plaintiff's purported claims do not appear to fall under section 1331.

### C. The Foreign Sovereign Immunities Act

The plaintiff's third asserted ground for jurisdiction is that this is an action against a foreign state under 28 U.S.C. §§ 1330, 1603, and 1605, which are parts of the Foreign Sovereign Immunities Act ("FSIA"). Section 1330(a) provides that federal district courts

> have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

28 U.S.C. § 1330(a). Section 1330(a) expressly refers to section 1603(a) for the definition of a "foreign state," and that section defines a "foreign state" as follows:

> **(a)** A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).
>
> **(b)** An "agency or instrumentality of a foreign state" means any entity—
>
>   **(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (e) of this title, nor created under the laws of any third country.

28 U.S.C. § 1603. Section 1330(a) also expressly refers to section 1605, which provides "[g]eneral exceptions to the jurisdictional immunity of a foreign state." 28 U.S.C. § 1605.

The court recognizes that neither section 1330 nor 1603 expressly defines a "foreign state" (despite section 1330's reference to a definition in section 1603). Nonetheless, it is evident that despite the plaintiff's apparently misguided and misinformed notions of sovereignty to the contrary, Berks County and its agents and officials are not "foreign states" as contemplated by sections 1330 and 1603.[1] Additionally, as none of the defendants are foreign states, section

---

[1] In *Morgan Guaranty Trust Co. of New York v. Republic of Palau*, 924 F.2d 1237 (2d Cir. 1991), the United States Court of Appeals for the Second Circuit addressed "whether the Republic of Palau is a foreign state subject to original or removal jurisdiction." 924 F.2d at 1243. In analyzing this issue, the Second Circuit noted that "[a]lthough both the removal and original jurisdiction provisions refer to the definition of foreign state found in section 1603(a), the section is more descriptive than definitional." *Id.* Therefore, the court reviewed the following other sources for guidance as to what is a "foreign state":

> In *United States v. Curtiss–Wright Export Corp.*, 299 U.S. 304, 318–319, 57 S.Ct. 216, 220–221, 81 L.Ed. 255 (1936), the Supreme Court listed the following attributes of sovereign statehood: the power to declare and wage war; to conclude peace; to maintain diplomatic ties with other sovereigns; to acquire territory by discovery and occupation; and to make international agreements and treaties. Under international law, a state is said to be an entity possessed of a defined territory and a permanent population, controlled by its own government, and engaged in or capable of engaging in relations with other such entities. Restatement (Third) of the Foreign Relations Law of the United States § 201 (1987) ("Restatement 3d"). We recently referred to this definition in the course of holding that recognition of a state that satisfies the elements of the definition does not require recognition of the particular government in control of the state. *National Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 860 F.2d 551, 553 (2d Cir.1988), *cert. denied*, 489 U.S. 1081, 109 S.Ct. 1535, 103 L.Ed.2d 840 (1989).
>
> According to international law, a sovereign state has certain well accepted capacities, rights and duties:
>> (a) sovereignty over its territory and general authority over its nationals;
>> (b) status as a legal person, with capacity to own, acquire, and transfer property, to make contracts and enter into international agreements, to become a member of international organizations, and to pursue, and be subject to, legal remedies;
>> (c) capacity to join with other states to make international law, as customary law or by international agreement.
>
> Restatement 3d § 206.

1605 of the FSIA is also inapplicable here. Accordingly, the court would not have subject-matter jurisdiction over this action under 28 U.S.C. § 1330.

### D. Uniform Declaratory Judgments Act

For the fourth asserted basis in support of the plaintiff's claim that the court has subject-matter jurisdiction over this action, he relies upon the Uniform Declaratory Judgments Act ("UDJA"). [Pet. at 4.] Contrary to the plaintiff's assertion, the UDJA does not provide the court with subject-matter jurisdiction to hear this claim for the following reasons: First, the UDJA, namely the uniform law that the National Conference of Commissioners on Uniform State Laws approved in 1922, does not confer any jurisdiction over a federal court because Congress has not adopted the law or enacted it as legislation.[2] Second, even though the Commonwealth of Pennsylvania originally adopted the UDJA in 1923, *see* Act of June 18, 1923, P.L. 840, *codified at* 12 P.S. §§ 831-46, Pennsylvania's version of the UDJA could not and does not provide this district court with original jurisdiction over this claim.[3] Finally, while theoretically this court could have supplemental jurisdiction over a related state law claim under 28 U.S.C. § 1367, section 1367 only applies if the court also has original jurisdiction over part of this action and the court does not have original jurisdiction over any part of this action.[4] Accordingly, the plaintiff may not rely on the UDJA to show that the court has subject-matter jurisdiction in this case.

---

*Id.* at 1243-44. After reviewing these sources and comparing the Republic of Palau's attributes, the court concluded that "Palau simply does not have the attributes of statehood, and cannot be considered a foreign sovereign." *Id.* at 1244.

[2] *See Stewart v. Herten*, 249 N.W. 552, 554 (Neb. 1933) (referencing approval of the UDJA).

[3] The General Assembly first amended the Commonwealth's version of the UDJA with the Act of May 22, 1935, P.L. 228, §§ 1-7, *codified at* 12 P.S. §§ 847-853. The General Assembly then amended the UDJA with the Act of July 9, 1976, P.L. 586, No. 142, § 2, *codified at* 42 Pa.C.S. §§ 7531-7541.

[4] Although the plaintiff does not reference the federal Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, this act also would not provide a ground for subject-matter jurisdiction because the Act "is not an independent basis of federal jurisdiction." *Terra Nova Ins. Co. v. 900 Bar, Inc.*, 887 F.2d 1213, 1218 (3d Cir. 1989) (citing *Skelly Oil Co. v. Phillips Petroleum Co.,* 339 U.S. 667, 671 (1950); *Federal Kemper Ins. Co. v. Rauscher,* 807 F.2d 345, 351 (3d Cir. 1986)).

7

### E. The Foreign Agents Registration Act of 1938

The plaintiff's fifth asserted basis of subject-matter jurisdiction is the Foreign Agents Registration Act of 1938 ("FARA"), 22 U.S.C. §§ 611-621. The "general purpose of [FARA] is to protect the security and foreign relations of this country by requiring agents of foreign principals to identify themselves and disclose their activities." *Attorney Gen. of U.S. v. Irish N. Aid Comm.*, 530 F. Supp. 241, 245 (S.D.N.Y. 1981), *aff'd*, 668 F.2d 159 (2d Cir. 1982). The plaintiff does not assert how FARA possibly confers subject-matter jurisdiction in this case, and the court can discern no plausible argument that it does. Therefore, FARA would not provide a basis for subject-matter jurisdiction in this case.

### F. Admiralty

The plaintiff's sixth asserted basis of subject-matter jurisdiction is the admiralty statute, 28 U.S.C. § 1333. Section 1333 states that

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> **(1)** Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
>
> **(2)** Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

28 U.S.C. § 1333. "Whether a particular claim is an admiralty claim for purposes of federal subject matter jurisdiction pursuant to 28 U.S.C. § 1333 depends solely on the nature of the claim." *Cooper v. Loper*, 923 F.2d 1045, 1048 (3d Cir. 1991). In this regard, "the incident must have a potential impact on maritime commerce and bear a substantial relationship to traditional maritime activity, in addition to occurring on navigable waters." *Sinclair v. Soniform, Inc.*, 935 F.2d 599, 601 (3d Cir. 1991).

In this case, the plaintiff has not included any allegations that would implicate section 1333. More specifically, the plaintiff does not identify any incident with a legitimate, potential impact on maritime commerce and bearing a substantial relationship to traditional maritime activity. In addition, the plaintiff does not allege that any incident occurred on navigable waters and it would appear that he cannot do so considering he is apparently attempting to stop Berks County and its agents from collecting money from him. Accordingly, section 1333 does not provide this court with subject-matter jurisdiction over this action.

### G. Commerce and Antitrust Regulations

As a seventh basis of subject-matter jurisdiction, the plaintiff includes a single reference to 28 U.S.C. § 1337, which generally addresses federal courts' "original jurisdiction [over] any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." *Id.* With regard to the phrase "arising under" in section 1337, "the scope of § 1337's 'arising under' jurisdiction is the same as that of the more familiar § 1331." *Palermo Gelato, LLC v. Pino Gelato, Inc.*, No. 2:12-CV-931, 2013 WL 285547, at *2 (W.D. Pa. Jan. 24, 2013) (citing *MCI Telecomms. Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1094 n. 4 (3d Cir. 1995)).

As with the plaintiff's claim under section 1331, he has not alleged facts supporting or otherwise identifying how this is an action arising under an Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies. Therefore, section 1337 also appears to be inapplicable to this action.

### H.     The Public Vessels Act

For his final asserted ground supporting jurisdiction in this case, the plaintiff references the Public Vessels Act ("PVA"), 46 U.S.C. §§ 31101-31113.  The only potentially applicable section of the PVA, section 31102, states as follows:

> **(a) In general.**--A civil action in personam in admiralty may be brought, or an impleader filed, against the United States for—
>
>   **(1)** damages caused by a public vessel of the United States; or
>
>   **(2)** compensation for towage and salvage services, including contract salvage, rendered to a public vessel of the United States.
>
> **(b) Counterclaim or setoff.**--If the United States brings a civil action in admiralty for damages caused by a privately owned vessel, the owner of the vessel, or the successor in interest, may file a counterclaim in personam, or claim a setoff, against the United States for damages arising out of the same subject matter.

46 U.S.C. § 31102.  As previously discussed with reference to the plaintiff's claim that 28 U.S.C. § 1333 applied here, there are no factual allegations in the complaint that this is an admiralty case, so the PVA is not implicated here.[5]  Accordingly, the PVA does not provide the court with subject-matter jurisdiction over this action.

### III.    CONCLUSION

For the reasons set forth above, it undeniably appears that the court lacks subject-matter jurisdiction over this purported declaratory judgment action.  Nonetheless, the court recognizes that when addressing the issue of subject-matter jurisdiction *sua sponte*, courts should ordinarily give the plaintiff "notice and an opportunity to respond." *Schneller ex rel. Schneller v. Fox Subacute at Clara Burke*, 317 F. App'x. 135, 138 (3d Cir. 2008) (citations omitted).  Therefore, despite the court's apparent lack of subject-matter jurisdiction over this case, the court will

---

[5] Additionally, the plaintiff's allegations do not support a cause of action under the PVA because he does not allege that he or his property was damaged by a public vessel of the United States or that he is seeking compensation for towing or salvaging a public vessel of the United States.

provide the plaintiff with a period of twenty-one (21) days to file a response in which he shows how the court has subject-matter jurisdiction over this case.

    An appropriate order follows.

                                      BY THE COURT:

                                      */s/ Edward G. Smith*
                                      EDWARD G. SMITH, J.