IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| RICHARD A. MINFORD, | : | |
| | : | |
| Petitioner, | : | CIVIL ACTION NO. 14-mc-224 |
| | : | |
| v. | : | |
| | : | |
| BERKS COUNTY (INC.)/COUNTY OF | : | |
| BERKS (INC.), along with its OFFICES, | : | |
| Employees, agencies and instrumentalities; | : | |
| and VARIOUS UNKNOWN OR | : | |
| UN-NAMED AGENTS AND | : | |
| INSTRUMENTALITIES a/k/a JOHN/JANE | : | |
| DOE(S), | : | |
| | : | |
| Respondents. | : | |

## MEMORANDUM OPINION

Smith, J.                                                                     December 9, 2014

The *pro se* petitioner commenced this action by filing a petition for declaratory judgment. While the convoluted nature of this petition renders it difficult for the court to discern exactly what the petitioner is seeking to do in this action, he appears to have brought this action to prevent Berks County or its agents from collecting a debt. Based on the deficient jurisdictional allegations in the petition, the court ordered the petitioner to show cause why the court should not dismiss the case for lack of subject-matter jurisdiction. Although the petitioner responded to the court's order, his response is wholly inadequate to show that the court has subject-matter jurisdiction over this action. Therefore, the court will dismiss the action without prejudice because the court lacks subject-matter jurisdiction to consider the claims raised in the petition.

## I.    PROCEDURAL HISTORY

The petitioner filed a petition for declaratory judgment on September 17, 2014.[1] Doc. No. 1. Because it appeared from the allegations in the petition that the court lacked subject-matter jurisdiction over this case, the court entered an order on September 29, 2014, requiring the petitioner to show cause why the court should not dismiss the case for lack of jurisdiction. Doc. No. 3. The petitioner filed a response to the order to show cause on October 22, 2014. Doc. No. 4.[2] He also filed an exhibit in support of his response on October 24, 2014. Doc. No. 5.

## II.    DISCUSSION

In his response to the court's order, the petitioner initially states that "while [he] recognizes the courts [sic] confusion it can not [sic] be assumed that through the petitioners [sic] lack of corporate rule and regulation schooling (color of law), or petitioners [sic] inability to properly articulate the petition, that jurisdi[c]tion does not exist." Ct. Directed Resp. to Pet. for Declaratory J. ("Resp.") at 2, Doc. No. 4. After this initial statement, the petitioner proceeds to engage in a rambling and disjointed discussion of how he believes that "Article 111 Section 2," the Foreign Sovereign Immunities Act, the Uniform Declaratory Judgment Act, the Foreign Agents Registration Act, admiralty law, commerce and antitrust regulations, and the Public Vessels Act apply to this case. *Id.* at 2-8. The petitioner then concludes his illuminating discussion by requesting that the court take judicial notice of various statues, treaties, and alleged

---

[1] The court previously summarized the allegations in the petition in a memorandum opinion issued on September 29, 2014. *See* Mem. Op. at 1-2, Doc. No. 2. The court incorporates that summary and the entirety of the memorandum opinion into this memorandum opinion.

   Additionally, the court recognizes that the petitioner's commencement of this action via a petition is not in accord with the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 3 ("A civil action is commenced by filing a complaint with the court."); Fed. R. Civ. P. 7(a) (listing types of pleadings allowed in civil action). Nonetheless, as the petitioner is proceeding *pro se*, the court has construed the petition as a complaint seeking a declaratory judgment.

[2] The order to show cause requested that the petitioner file a response no later than October 20, 2014. *See* Ord. to Show Cause, Doc. No. 2. Although the petitioner did not file the response until October 22, 2014, the court has considered the response in resolving the issues raised in the order to show cause.

treaties, including 18 U.S.C. § 241 (Conspiracy Against Rights), 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), "THE CONVENTION DE LA HAYE 1949 et. seq.," the Universal Declaration of Human Rights, the Geneva Convention, and "CODES OF CANON LAW – ELEMENTS OF ECCLESATICAL LAW." *Id.* at 8-10. In addition to these arguments, the petitioner attaches a notice from the Internal Revenue Service ("IRS"), which he asserts shows that he is a "foreign eligible entity" for jurisdictional purposes. *See id.* at 2; IRS Not., Doc. No. 5.

None of the petitioner's arguments, much less the IRS notice, establish that this court has jurisdiction over this purported declaratory judgment action. Although the majority of the petitioner's arguments are inaccurate or otherwise contort the law in such a manner as to not merit a response, the court discusses (or at least summarizes) and addresses them here for sake of completeness.

### A.     Article III, Section 2 of the United States Constitution

Despite the court previously advising the petitioner of his inability to exclusively rely on Article III, Section 2 of the United States Constitution to support his jurisdictional arguments, he starts off his discussion by once again referring generally to Article III. *See id.* at 2. Although he mentions no applicable law in this section, it appears that he relies upon an IRS notice, dated April 8, 2013, to support his assertion that the court has jurisdiction because he somehow is a foreign citizen or entity. *See id.* In this regard, the IRS notice indicates that the IRS approved a "Form 8832, Entity Classification Election" meaning that it "approved your election as a foreign eligible entity with a single owner to be disregarded as a separate entity." *See* IRS Not., Doc. No. 5.

Contrary to the petitioner's assertion, this notice does not establish that he is a foreign citizen (or a foreign state) for diversity (or Article III) purposes for the following reasons: First, the petitioner in this declaratory judgment action is noted as "Richard A. Minford," and "Richard A. Minford" appears by all signs to be an individual and not an "entity."[3]  Second, the IRS notice is directed to "RICHARD ALFRED MINFORD BANKRUPTCY[,] RICHARD ALFRED MINFORD TTEE" and, thus, is not directed toward him individually.[4]  Third, the petitioner has cited no case or statute indicating that the IRS's treatment of the aforementioned bankruptcy entity as a "foreign eligible entity" for tax purposes renders him a foreign citizen or foreign state for citizenship purposes.  Finally, even if the IRS notice was somehow applicable to him individually, it does not lead to a conclusion that he is a foreign citizen for diversity purposes because it does not relate to his domicile.[5]  More specifically, an individual's "[c]itizenship is synonymous with domicile, and 'the domicile of an individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning.'" *See McCann v. Newman Irrevocable Trust*, 458 F.3d 281, 286 (3d Cir. 2006) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)); *see Krasnov v. Dinan*, 465 F.2d 1298, 1300-01 (3d Cir. 1972) ("Where one lives is prima facie evidence of domicile[.]").  Based on the record before the court, the petitioner has not demonstrated that he is anything other than domiciled in, and thus a citizen of, the Commonwealth of Pennsylvania.[6]

---

[3] An "entity" is "[a]n organization (such as a business or a governmental unit) that has a legal identity apart from its members or owners." *Black's Law Dictionary* 650 (10th ed. 2014).

[4] "TTEE" appears to be an acronym for "trustee."

[5] The petitioner asserts that "[t]he matter presented to the court for judicial declaratory judgment has already been decided administratively through the TREASURY – IRS." Resp. at 2.  Whatever the IRS may have decided with approving the Form 8832, there is nothing in the current record that the petitioner is a foreign citizen (or foreign state).

[6] The petitioner also references him "grant[ing]" the court jurisdiction to hear this matter.  In support of his argument, he cites to the proposition that "federal courts 'have no more right to decline the exercise of jurisdiction which is given, than to usurp that which is not.'" Resp. at 3 (quoting *Chase Brexton Health Services, Inc. v. Maryland*, 411 F.3d 457, 462 (3d Cir. 2005) (quoting *Cohens v. Virginia*, 19 U.S. (6 Wheat.) 264, 404, 5 L.Ed. 257

**B.      The Foreign Sovereign Immunity Act**

In asserting that the Foreign Sovereign Immunity Act applies, the petitioner cites to various statutes, regulations, and acts, and then proceeds to misinterpret them to support conclusions such as: (1) the International Organizations Immunities Act "relinquished every public office of the United States to the United Nations[;]" (2) 8 U.S.C. § 1481 provides that "every public office is a foreign state, including all political subdivisions[] (i.e. every single court is considered a separate foreign entity[)];" and (3) 28 U.S.C. § 3002(15) "states that the United States is a Federal Corporation and not a Government, including the Judicial Procedural Section." Resp. at 3 (emphasis omitted). He then goes on a rambling recitation during which he asserts that the "[f]ailure to grant petitioners declaratory judgment for sep[a]ration from the private corporate establishment(s) would be tantamount to creating conditions of **involuntary servitude** and/or **SLAVERY n[ei]ther of which this Court should condone much less establish.**" *Id.* at 4 (emphasis in original). None of these misguided arguments show that the Foreign Sovereign Immunities Act applies in this case.

**C.      The Uniform Declaratory Judgment Act**

The petitioner's arguments relating to the application of the Uniform Declaratory Judgment Act do not relate to the Act itself. Instead, he argues that the court "should consider the jurisdiction granted through the 'man' RIHARD [sic] MINFORD was granted through (but not limited to) the powers reserved to the people through the [T]enth [A]mendment[.]" *Id.* at 5. Unfortunately, as previously discussed, the petitioner cannot confer subject-matter jurisdiction over an action to this court and the Tenth Amendment does not support such a determination.

---

(1821)). Contrary to the petitioner's interpretation, this language does not refer to a person's ability to grant jurisdiction to a federal court, but rather the Constitution's grant of jurisdiction to the federal courts.

Thus, the petitioner has not shown that the Uniform Declaratory Judgment Act can confer jurisdiction in this case.

### D. The Foreign Agents Registration Act

The petitioner argues that the Foreign Agents Registration Act applies to confer subject-matter jurisdiction in this case because he is a foreign entity (by virtue of the aforementioned IRS Form 8832). *Id.* He also asserts that the defendant has failed to "disclose[] to all of the people its[] status and function as a private for[-]profit corporation that is foreign to the [c]onstitutional government established for and by the people." *Id.* These arguments are baseless, unsupported by any competent evidence, and do not lead to the application of the Foreign Agents Registration Act or show how this Act confers subject-matter jurisdiction in this case.

### E. Admiralty

The petitioner's arguments relating to the assertion of admiralty border on the absurd. In this regard, the petitioner contends that

> [t]he 'vessel' known and d/b/a COUNTY OF BERKS INC. et.[]al. [sic] is engaged on the high seas of commerce both domestic and international and although it may be berthed in [B]erks [C]ounty [P]ennsylvania, it sails and operates pursuant to, and by permission of, the 'vessel' known and d/b/a the United States Corporation.

*Id.* at 6. It is axiomatic that the defendant is not a "vessel" for purposes of admiralty jurisdiction.[7] Thus, the petitioner has not and cannot show that this court has admiralty jurisdiction over this action.[8]

---

[7] A "vessel" is "[a] ship, brig, sloop, or other craft used – or capable of being used – to navigate on water." *Black's Law Dictionary* 1793 (10th ed. 2014).

[8] The petitioner also asserts a passing reference to the "Lieber Code" without identifying how it applies to this case. Of course, the petitioner could not competently argue that it applies considering that it appears the "Code" related to various instructions for the United States' armies during the Civil War. *See* The Avalon Project: General Orders No. 100: The Lieber Code, http://Avalon.law.yale.edu/19th_century/lieber/asp (last visited Dec. 3, 2014).

F.     "Commerce and Antitrust Regulations"

The petitioner contends that the defendant is a monopoly and, therefore, jurisdiction under 28 U.S.C. § 1337 is proper in this case. Resp. at 7. Despite his legally unsupported assertion of the defendant's monopoly status, the petitioner still has yet to identify how this is a "civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies." 28 U.S.C. § 1337. Therefore, the petitioner has not shown how section 1337 applies to this action and, thus, he has not demonstrated that the court has subject-matter jurisdiction under this section.

G.     The Public Vessels Act

As with the petitioner's arguments relating to the application of admiralty jurisdiction, his claims relating to the Public Vessels Act to support federal-question jurisdiction are misguided. He asserts that the defendant "is not a [c]onstitutionally established government but rather, is a commercial 'vessel' operating . . . on the behalf of a defacto [sic] foreign fiction government, and thus as extensions of the Corporate Federal Government." *Id.* at 8. This senseless contention does not support a finding that he is raising a claim under the Public Vessels Act and does not support federal-question jurisdiction here.

H.     Miscellaneous

In the "conclusion" of his response, the petitioner takes a kitchen-sink approach and requests that the court take notice of various statues, treaties, and alleged treaties, including 18 U.S.C. § 241 (Conspiracy Against Rights), 18 U.S.C. § 242 (Deprivation of Rights Under Color of Law), "THE CONVENTION DE LA HAYE 1949 et. seq." (*i.e.* the Hague Convention), the Universal Declaration of Human Rights, the Geneva Convention, and "CODES OF CANON LAW – ELEMENTS OF ECCLESATICAL LAW." *Id.* at 8-10. None of these references

support subject-matter jurisdiction for the following reasons: First, 18 U.S.C §§ 241 and 242 are criminal statutes that have no application here. Second, the petitioner does not explain how the Hague Convention applies to his claims and, even if he did, it does not provide a basis for subject-matter jurisdiction over the petitioner's claim against Berks County. *See, e.g., Iwanowa v. Ford Motor Co.*, 67 F. Supp. 2d 424, 439 n.16 (D.N.J. 1999) (explaining that if the plaintiff "had attempted to assert a claim under the Hague or Geneva Convention, it would have been dismissed for lack of jurisdiction because only self-executing treaties, i.e., those that do not require legislation to make them operative, confer rights enforceable by the parties"). Third, the Universal Declaration of Human Rights as adopted by the United Nations is a "non-binding declaration that provides no private rights of action." United States v. Chatman, 351 F. App'x 740, 741 (3d Cir. 2009) (citing *Sosa v. Alvarez–Machain*, 542 U.S. 692, 734 (2004)). Fourth, as with the Hague Convention, the petitioner does not explain how the Geneva Convention applies to his claims and, even if he did, the Geneva Convention does not confer jurisdiction over this case. Fifth, the petitioner's references to "codes of canon law – elements of ecclesiastical law" are inapplicable here. Finally, the petitioner's references to the court's failure to grant relief in this case as amounting to the imposition of slavery are offensive, misguided, and otherwise also do not provide a basis for subject-matter jurisdiction in this case.

### III. CONCLUSION

The petitioner has not met his burden to show that this court has subject-matter jurisdiction over this purported action for a declaratory judgment. Accordingly, for the reasons set forth in the memorandum opinion filed on September 29, 2014, and the reasons set forth herein, the court will dismiss this action without prejudice for lack of subject-matter jurisdiction. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999) (agreeing with appellant

that "a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits and thus should be ordered 'without prejudice'").

An appropriate order follows.

BY THE COURT:

_____
EDWARD G. SMITH, J.